UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:05-CR-10029-MLW-1 |
| ) | |
| <u>DANERGE PASCAL</u>            ) | |

DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Danerge Pascal ("Pascal") submits this memorandum in support of a recommendation that the court impose a sentence of "time served", which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]...." 18 U.S.C. §3553.

Background

Pascal initially entered the United States from Haiti on October 11, 1980, as a lawful permanent resident. She was thirteen years old at the time. On January 5, 1998, Pascal was ordered deported to Haiti by an Immigration Judge, as a result of her conviction, inter alia, of larceny and credit card misuse [see para. (37) of Presentence Report, hereinafter "PSR"]. She reentered the United States via Canada in March of 2004 and was arrested on November 25, 2005, by the Boston Police, after having been stopped for a traffic violation.

Pascal was detained at M.C.I. Framingham on an outstanding default warrant until her appearance in Framingham District Court on December 17, 2004. On that date, after a plea, she was sentenced to time served. She remained at M.C.I. Framingham, however, until January 14, 2005, on an I.C.E. detainer which had been lodged subsequent to her arrest. Pascal was subsequently held in I.C.E. custody at Bristol County House of Corrections.

On January 5, 2005, Pascal was interviewed by an Immigration Enforcement Agent at Framingham and agreed to waive her right to a lawyer. Thereafter, Pascal agreed to the

reinstatement of the prior order of deportation, and on January 20, 2005, a warrant for removal was issued. On the same date, the New England Field Office of I.C.E. requested the expeditious issuance of travel documents to Haiti. On February 10, 2005, Pascal was told that she would be flown to Haiti the next day. Instead, she was brought before the U.S. District Court in Boston to answer to an indictment returned on February 9, 2005.

<u>Personal History and Background</u>

Pascal refers the Court to the PSR, pages 16-26, as well as the Addendum (pages 33-36), which includes corrections/additions suggested by Pascal.

<u>Argument</u>

In this case, an appropriate disposition for Defendant, in light of the purposes of sentencing outlined in 18 U.S.C. §3553, would be a sentence of "time served".

A sentencing court is directed to impose a sentence which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]", as outlined in 18 U.S.C. §3553.

The statute provides as follows: "[I]n determining the particular sentence to be imposed, [the court] shall consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the kinds of sentences and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in [the Sentencing Guidelines]....;

5. any pertinent policy statement issued by the Sentencing Commission...;

6. the need to avoid unwarranted sentencing disparities among defendants with similar records, who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense". Id.

Following the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the Sentencing Guidelines are merely advisory, and may be considered, along with other sentencing factors enumerated in 18 U.S.C. §3553, in the context of the overriding principle that a sentence should be "sufficient, but not greater than necessary" to fulfill the "need for the sentence imposed".

*Nature And Circumstances Of Offense*

Pascal has been charged and pled guilty to illegal reentry of a deported alien. 8 U.S.C. §1326(a). Pascal takes the position that as charged the offense is thus punishable by no more than 2 years imprisonment. The Government contends that, even though not charged, Pascal is subject to the enhanced maximum penalties (20 years) under 8 U.S.C. §1326(b) because she was deported "subsequent to a conviction for commission of an aggravated felony". Id. at (b)(2). In either event, it should be noted in mitigation that Pascal entered the United States for the purpose of being with her two children whom she "loves...very much" [see PSR, paras. (70) and (73) at pages 19-20]. Moreover, the "aggravated felony" for which Pascal was deported was a "theft offense". In fact, the only offenses on her record which might serve as a predicate for enhanced penalties under 8 U.S.C. §1326(b)(2) (and under the advisory guidelines) are theft offenses. While "larceny over $250" constitutes an "aggravated felony" under federal law, [8 U.S.C. §1101 (43)(G)] it would not generally be considered among the most serious of "aggravated felonies".

*History And Characteristics Of Defendant*

The history and characteristics of the Defendant Pascal, as set forth in the Presentence Report, are extraordinarily tragic.

A summary review of Pascal's background indicates as follows: abandonment by her mother, who moved from Haiti to the United States, when she was six years old; domestic violence while growing up in Haiti; sexual abuse by her father, revealed years later in therapy; sexual abuse by a cousin; verbal and physical abuse by her mother when Pascal moved to the United States at the age of fourteen, as a result of which Pascal left home at age sixteen [see PSR, paras. (52) and (53), pages 16-17].

Pascal suffered further sexual abuse in 2000, after she was deported to Haiti. She was raped by four men who entered her home in order to commit a robbery [PSR para. (79)]. While in pretrial detention in this case, Pascal was brutally raped by other inmates in the shower room at M.C.I. Framingham. (Id.).

The Defendant Pascal has had a longstanding battle with serious depression for over ten years. She has also suffered from anxiety and panic attacks [see PSR para. (78) et seq., pages 21-24]. She had been suicidal prior to her detention in this case, and her suicidal tendencies have been exacerbated by her experiences of incarceration. Id. She has been on anti-depressant medications during her incarceration (and before).

The Defendant Pascal has two children, ages 12 and 17, for whom she cares very much. Pascal's deportation in 1998 separated her from both children, causing her further anxiety and depression. Her reason for entering the United States illegally was to be with her children.

*Sentences Available*

The Defendant Pascal submits that she may be sentenced to any term up to a maximum of two years pursuant to 8 U.S.C. §1326. She may be sentenced to probation. 18 U.S.C. §3561.

*Advisory Guidelines*

The advisory guideline sentence, without departures, is 18-24 months [see PSR, para. (115) at page 29]. The Sentencing Guidelines, however, provide for downward departures where "there exists...[a] mitigating circumstance...of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. §3553(a)(2), should result in a sentence different from that described". U.S. Sentencing Guidelines §5K2.0 (Policy Statement).

In this case, the history and characteristics of the Defendant Pascal and other circumstances of the case warrant a downward departure to a sentence of "time served" in order to fulfill the sentencing objectives enumerated in 18 U.S.C. §3553(a)(2).

The Probation Office has identified one basis for departure pursuant to §5K2.0, viz, the harsh presentence confinement conditions endured by Pascal. [See PSR, para. (132), at page 32] See U.S. v. Carty, 263 F.3d 191 (2d Cir. 2001) (defendant's presentence confinement in harsh conditions may be a permissible basis for downward departure). Pascal was brutally raped while in detention, suffered from severe depression requiring constant surveillance, and has attempted to commit suicide on a number of occasions. Surely, the horrendous time that Pascal has spent in prison has punished her sufficiently for the crime she has committed, will deter her and others from further criminal conduct, and will protect the public from further crimes of Defendant (she will be deported upon release from imprisonment in this case). Moreover, additional time spent

in prison will not provide her with the medical care or treatment which she obviously so requires. See 18 U.S.C. §3553(a)(2).

Other grounds for departure exist in this case:

- the Defendant was taken into I.N.S. custody on January 22, 1998, and held from January 22, 1998, to February 3, 1998, and again from March 2, 1998, until April 14, 1998, until deported to Haiti.  More recently, the Defendant was detained by I.C.E. from December 17, 2004, until February 10, 2005.  The Defendant was also held in state custody from November 25, 2004, to December 17, 2004, with an I.C.E. detainer lodged.  The Court may and should depart downward to provide credit to Defendant for time served since her state arrest and for time served in I.N.S. and I.C.E. custody.

- the Defendant's "extraordinary" mental and emotional conditions warrant a departure under U.S.S.G. §5H1.3.  The Court may depart to the extent that the Defendant's mental or emotional conditions are "atypical".  U.S. v Studley, 907 F.2d 254, 258 (1st Cir. 1990).  "When such conditions do exist, the sentencing court does possess broad discretion in determining that downward departure may be warranted".  Id.;  see also, U.S. v. Garza-Juarez, 992F.2d 896, 913 (9th Cir. 1993) (departure under §5H1.3, where defendant suffered from panic disorder and agoraphobia).

- the Defendant's "extraordinarily" difficult childhood including domestic abuse and sexual abuse (which continued into adulthood). U.S. v. Walter, 256 F.3d 891 (9th Cir. 2001).

6

- the nature and circumstances of the offense and, in particular, the relatively minor nature of the "aggravated felony" which results in an 8 level increase in the offense level, and the benign motive for the commission of the offense. U.S. v. Alba, (unpublished), No. 01-2510, 2002 WL 522819 (3d Cir. April 8, 2002); U.S. v. Lopez-Zamora, 392 F.3d 1087 (9th Cir. 2004).

*Policy Statements Of Sentencing Commission*

The relevant policy statements of the Guidelines concerning departures are set forth in §5H1.3 (Mental and Emotional Conditions), 5K2.0 (Grounds for Departure), and U.S.S.G. Introduction, para. 4(b).

*Unwarranted Sentencing Disparities*

Any disparity that may exist between the sentence of "time served" recommended by Defendant and other defendants previously given a "guideline sentence" would be warranted for the reasons expressed hereinabove. Moreover, any comparison between sentences imposed in a mandatory guideline regime and sentences imposed in the post-Booker era would not be meaningful.

*Restitution*

There is no restitution issue in this case.

Conclusion

In consideration of the applicable mandatory sentencing factors –i.e., the nature and circumstances of the offense, history and characteristics of the defendant, the purposes of

sentencing, the advisory guidelines (with appropriate departures) and policy statements – the sentence of "time served" is appropriate in this case. Such a sentence would be "sufficient but not greater than necessary" to fulfill the sentencing goals of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterence, protecting the public, and taking into account the medical and psychological needs of defendant.

                                            DEFENDANT
                                            By her attorney

                                            /s/ John F. Palmer
                                            John F. Palmer
                                            Law Office of John F. Palmer
                                            24 School Street, 8th Floor
                                            Boston, MA 02108
                                            (617)723-7010
                                            BBO# 387980

Dated: August 2, 2005